Opinion of the Court, by
Judge Owsley.
THE plaintiff in error prosecuted an action of covenant against the defendants, in the Mercer circuit court. He charges in his declaration, that George M’Afee, the testator, in his lifetime, by his deed of *160 covenant, did covenant, bargain and sell to the plaintiff all his right and title to his one fourth part of 24,000 acres of land, more or less, located in partnership between him and James Douglass, in the months of May and June 1780; and that he did further covenant that he would go with the plaintiff to Breckinridge’s, May’s, and other offices, and obtain copies of such locations as were made in partnership with said Douglass; and also, shew the plaintiff the beginning of the entries, so as to enable him to have surveys made thereon; and that he would attend with the plaintiff, when called on, to perpetuate evidence to ascertain said entries. And the plaintiff assigned for breaches, that the said M’Afee did not go with the plaintiff to Breckinridge’s, May’s, and other offices, and take out such locations as were made in partnership with said Douglass; that he did not, in his lifetime, shew the plaintiff the beginning of said entries; that he did not attend with the plaintiff to perpetuate testimony to ascertain the entries, although he was thereto requested on the day of 179 , at the circuit of Mercer and state of Kentucky.
Wherever a concurrent act is necessary on the part of the plaintiff, he ought to aver his performance or readiness to perform.
The want of such averment is sufficient ground for affirming a judgment in favor of the defendant, although it shall have been rendered on an insufficient plea
To this declaration the defendant pleaded, 1st, covenants performed; 2dly, “that the plaintiff did not on the day of , nor at any time before suing out his original writ, request the said George M’Afee, in his lifetime, to go with him to Breckinridge’s, May’s, and other offices, and take out such locations as were made in partnership between said George and Douglass; nor did the plaintiff, during the lifetime of said George, require of him to shew the beginning of said entries, in manner and form as the plaintiff has alleged,” &c.; and 3dly, he offered a plea denying that he had broken his covenant.
On the first plea, issue was joined; to the 2d, the plaintiff demurred, and objected to the filing of the third. The demurrer to the second plea was overruled by the court, and the third permitted to be filed. The issue on the first was tried by a jury, and verdict and judgment obtained by the defendants; from which judgment the plaintiff has prosecuted this writ of error.
The only question which is thought necessary to be considered in the decision of this cause, is, whether the court below decided correctly in overruling the demurer to the second plea?
*161 In deciding upon the demurrer, it becomes necessary to examine the sufficiency of the declaration; for however defective the plea may be, if the declaration is substantially defective, the decision of the court, in overruling the demurrer, is correct. Every thing essential to the plaintiff’s right, should be stated in the declaration. To ascertain whether this has been done in the present case, an examination into the nature of the covenant is necessary. The testator of the defendants covenanted to go with the plaintiff, to Breckinridge’s, May’s, and other offices, &c. and that he would shew the plaintiff the beginning of the entries, &c. and that he would attend with the plaintiff, when called on, to perpetuate testimony, &c. From hence it is evident, a performance of the covenants on the part of M’Afee could not be effected, without the concurrence and cooperation of the plaintiff. It required a concurrent act on his part, to effect a performance. If, then, it required the act of the plaintiff, as well as of M’Afee, to perform the covenant, in an action for a failure to perform, it follows, necessarily, that the plaintiff, to show a right in him, should aver a readiness to comply on his part. This not having been done, the declaration is substantially defective; and, consequently, the court decided correctly in overruling the demurrer of the plaintiff to the plea. The declaration of the plaintiff being defective, and the judgment of the court below also being against him, renders it unnecessary to examine the other errors assigned.
The judgment of the circuit court must be affirmed with costs.